UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 0 3 2011 ★
BROOKLYN OFFICE

UNITED STATES OF AMERICA

– against –

JONATHAN HILL,

Defendant.

10-CR-778

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

**JACK B. WEINSTEIN, Senior United States District Judge:**

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the sentencing guidelines referred to in section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted). Although a written statement of reasons pursuant to

1

18 U.S.C. § 3553(c)(2) is not necessary when the court imposes a guidelines sentence, the statement may nevertheless assist the reviewing court and the United States Sentencing Commission in understanding the reasons for the court's sentence.

On December 14, 2010, Jonathan Hill pled guilty to a single-count indictment. The indictment charged that on September 6, 2010, the defendant, having previously been convicted in a court of a crime punishable by a term of imprisonment exceeding one year, possessed in and affecting commerce a firearm, specifically, a 0.380 caliber Beretta semiautomatic pistol, in violation of 18 U.S.C. § 922(g)(1).

Hill was sentenced on April 14, 2011. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere and the factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility of videotape on appeal).

The court finds the total offense level to be twelve and defendant's criminal history category to be category V, yielding a guidelines range of imprisonment of between twenty seven and thirty three months. The guidelines range of fine was from $3,000 and $30,000.

Hill was sentenced to thirty months' incarceration and three years' supervised release. A $100 special assessment and a fine of $540 were imposed.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements, and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). A sentence within the guidelines range is appropriate in this case. *See* 18 U.S.C. § 3553(a)(4)(A).

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1).

Hill is 24 years of age. He was born in Baltimore, Maryland, where he was raised by his mother in a low-income home. In 2002 the family moved to Bridgeport, Connecticut. Hill's parents were never married. They were estranged several months after he was born. His father was rarely present and did not provide any support for the family. Hill is not married. He has a five year old daughter who lives with her maternal grandmother in Norwalk, Connecticut. Hill expressed interest in his daughter but has not lived with her and only intermittently provided support. Hill has a prior criminal record which includes second-degree assault (age 19), possession of narcotics (age 21), and third-degree assault (age 21).

Hill was caught in possession of a .380 caliber semi automatic pistol which was obtained in Bridgeport, Connecticut, and was carried across interstate lines into Brooklyn, New York. At the time of the arrest, the gun was loaded with 11 rounds of ammunition in the magazine and one round in the chamber. Hill was in possession of 31 ecstasy pills and approximately $540. These facts indicate that he was either protecting a drug operation or using the gun for other illicit purposes.

A sentence of 30 months' incarceration reflects the seriousness of the offense and will promote respect for the law and provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that any involvement in illegal possession of firearms will result in a substantial prison sentence. Specific deterrence is achieved through incapacitation and the impact of this conviction on the defendant's employability.

_____
Jack B. Weinstein
Senior United States District Judge

Dated: April 18, 2011
      Brooklyn, New York